STATE, PLAINTIFF, *v.* SCHIFFLER, DEFENDANT.

Toledo Municipal Court, Lucas County.

No. 664819.   Decided January 21, 1964.

*Mr. Louis R. Young,* city law director, by *Mr. John De-Victor,* assistant law director, for plaintiff.
*Mr. Abe M. Steinberg,* for defendant.

FRANKLIN, J.   This is a criminal prosecution in the Municipal Court of the City of Toledo in which the defendant, Joseph H. Schiffler, is charged with violation of Section 4729.28, Revised Code.   This Section reads as follows:
"Unlawful Selling Of Drugs
"No person who is not a registered pharmacist or a registered assistant pharmacist, and who is employed in a retail drug store under the management or control of a registered pharmacist, shall compound, dispense, or sell a drug, chemical, poison or pharmaceutical preparation."
The penalty provided for this offense is set forth in Section 4729.99 (B), Revised Code.
The affidavit which sets forth the complaint reads as follows:

514

"The State of Ohio, Lucas County, City of Toledo. In the Toledo Municipal Court. Before me, W. F. Haverstock, Deputy Clerk of the Toledo Municipal Court, Lucas County, Ohio, personally came Lon Ghaster who, being duly sworn according to law, deposes and says that on or about the 2nd day of July, A. D. 1963, at the said County, one Joseph H. Schiffier, 2014 Hawthorne, not being a registered pharmacist or a registered assistant pharmacist who is employed in a retail drug store (Toledo Health Department Pharmacy) did dispense a drug. And further deponent says not, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Ohio.

S/ Lon O. Ghaster, Affiant

"Sworn to and subscribed before me this 2 day of July, A. D. 1963.

S/ Landon E. Hall, Clerk

S/ W. F. Haverstock, Deputy Clerk."

To this offense the defendant entered a plea of not guilty. At the time of the trial, the case was submitted to the Court on agreed statement of facts as follows:

1. Joseph Schiffier was employed by the Health Dispensary of the City of Toledo for 37 years.

2. That he is under civil service.

3. That at the time in question a prescription was issued by a qualified doctor of the State of Ohio and employed by the City of Toledo.

4. That the prescription was for a barbituate, to wit: phenobarbital.

5. That upon receiving the prescription the patient went down to the dispensary of the Health Department, which is located in the same building, handed the prescription to Mr. Schiffier and in return was given the barbituate according to the doctor's prescription.

6. That the patient was an indigent and no money was exchanged upon receiving the barbituate called for in the prescription.

It was further stipulated that the drugs so dispensed were purchased by the City of Toledo and paid for by the City of Toledo. The cost is not charged to the patient but to the City.

The City did not make any profit as the result of the dispensing of this drug. It was also stipulated that the facts above stated occurred within the limits of the City of Toledo on the 2nd day of July, 1963, and that the defendant is not a registered pharmacist or an assistant pharmacist.

Although extensive briefs were filed by counsel in this case covering several points of law which they deemed applicable to the fact situation, this case can be decided simply by interpreting what is meant by "retail drug store." This being a criminal case the law must be strictly construed and if there is any doubt at all, it must be resolved in favor of the defendant. According to the definition of retail drug store set forth in Section 4729.02, Revised Code, is as follows:

"A retail drug store is any room, rooms or place of business wherein prescriptions are compounded or from which drugs, poison, chemicals or pharmaceutical preparations are advertised, sold, offered, or displayed for sale at retail."

"Retail," according to Webster's Dictionary, is defined as "the sale of goods in small quantities." Under normal day to day relationships, a retail drug store would be considered as a store which sells drugs for profit, in small quantities. A sale is defined as "The exchange of a commodity at an agreed price." And, under the fact situation as set forth in the agreed statement of facts, the activity of the pharmacy located in the Toledo Health Department building cannot be construed as a retail drug store.

Therefore, if the place in which the defendant was working was not a retail drug store, he cannot be said to have violated the section of law under which he has been charged. The defendant, therefore, is found not guilty and discharged.

This decision should not be construed as a condonation of the action engaged in by the defendant. Serious and far reaching consequences can follow the dispensation of drugs by an individual not properly qualified to do so. If there are not sufficient laws currently in our State to cover such a situation, I highly recommend that the legislature be advised of this defect and take remedial action without delay.